[S. F. No. 11821.   In Bank.—March 7, 1929.]

WILLIAM G. POTTAGE, Appellant, v. LUCKENBACH STEAMSHIP COMPANY, INC. (a Corporation), et al., Respondents.

Reed M. Clarke and Otto G. Kuklinski for Appellant.

Andros, Hengstler & Dorr, Edwin T. Cooper, Charles T. White and Redman & Alexander for Respondents.

PRESTON, J.—In this cause the judgment in favor of respondent Luckenbach Steamship Company, Inc., a corporation, is reversed and the court below is directed to overrule the demurrer of said defendant. The basis for this ruling follows:

The action is for what may be termed a marine tort. On January 21, 1924, plaintiff, a hatch-tender employed by the above-named respondent Stevedore Company, but not

in the employ of the above-named respondent Steamship Company, while working on board the steamship "Edgar F. Luckenbach," owned by respondent Steamship Company, and then and there in the navigable waters of San Francisco Bay, at pier 31, was struck by a sling, a part of the loading apparatus of the said vessel, filled with sacks of beans, thereby receiving serious personal injuries.

He sued both companies, charging as against the Steamship Company defective machinery and an unsafe place in which to work, and as against the Stevedore Company negligent manipulation of the sling by his fellow-servants, the winch-tenders. No point is made that negligence is not sufficiently alleged. The complaint also contains the following paragraph: "Plaintiff herein hereby elects to bring this action for damages at law, with the right of trial by jury, against said defendants under the express provisions of section 33, act of June 5, 1920, known as the 'Jones Act' (41 U. S. Stats. at Large, p. 1007)."

General demurrers challenging the jurisdiction of the court were interposed separately by the defendants. The court sustained both demurrers without leave to amend and separate judgments for said defendants were entered in the premises and were so entered on different dates. Plaintiff appealed from both judgments in one notice. As to the Stevedore Company, his appeal was too late, and has heretofore been dismissed. His appeal, however, as to respondent Steamship Company was in time, and we are thus left to consider alone the allegations of the complaint against it.

It further appears from the record that after the lodging of this complaint in the state court said defendants sought removal of the cause to the federal district court, upon the ground that the action arose under a federal statute. The cause, however, was remanded by the federal court to the state court, respondent Steamship Company says, by virtue of the provisions of section 33 of the so-called Jones Act, above referred to, which section reads as follows: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees shall apply; and in case

of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." (41 Stats. at Large, 1007; Fed. Stats. Ann., 1920 Supp., p. 227; 46 U. S. C. A., sec. 688, p. 149.)

Appellant, however, insists that at the time he inserted the above-quoted paragraph in his complaint, a construction of the Jones Act, taken in connection with other matters, rendered the law uncertain as to whether he could receive the benefits of said act; that since the filing of the complaint the atmosphere has been cleared by judicial construction, and it now appears that he cannot rely upon said act because he was not an employee of defendant Steamship Company, and he asks that the court consider said allegation as surplusage and prays that the remaining portions of his complaint be considered for the purpose of ascertaining whether they state facts sufficient to constitute a common-law cause of action against said Steamship Company for negligence.

▉ The Jones Act, as above noted, made the Federal Employers' Liability Act (45 U. S. C. A., secs. 51–59) the rule of decision in actions by employees for personal injuries resulting from marine service to their employers. But it does not apply to any such situation unless the relation of master and servant does obtain; hence, in the cause before us the act may have applied to the Stevedore Company, but it does not apply to the Steamship Company, and said paragraph is out of place now that the employer is out of the case. But respondent says that an irrevocable election to claim under it has been made. How can an election be made of something concerning which no right of election ever existed? Moreover, no attempt is made to controvert the proposition that the complaint, with this paragraph omitted, is amply sufficient to charge a cause of action for negligence according to the rules of the common law. Wherein, then, has respondent suffered detriment? Appel-

lant was simply mistaken or in error as to the application of the Jones Act to him as against this defendant.

But respondent, attempting to show detriment, says it was on the strength of this claim that plaintiff succeeded in having the cause remanded from the federal to the state court. This seems not to be entirely correct, for, under Judicial Code, section 24, subdivision 3 (28 U. S. C. A., sec. 41), the common-law remedy was "saved to suitors" in every case of admiralty cognizance where the common law was "competent to give it." In other words, irrespective of the Jones Act, this plaintiff always had three courses open to him as against respondent—an action *in rem* against the vessel, or *in personam* in the admiralty court, or an action *in personam* on the common-law side of the state court. The Jones Act, by adopting the Federal Employers' Liability Act, liberalized the rules of the common law in personal injury cases coming within its scope, but the one before us was not affected by this act, and the fact that appellant at one time may have mistakenly thought so is not controlling or of significance in the premises. The law was in a confused state at that time and the court below may have been misled in this matter on that account.

The contention that the two defendants, having different rules of law applicable to them, could not be properly joined as defendants (*Schotis* v. *North Coast Stevedoring Co.*, 24 Fed. (2d) 591), if sound, cannot be relied upon here, as no special demurrer on this ground was urged, and, moreover, the Stevedore Company has heretofore passed out of the case.

The plaintiff is clearly entitled to urge the issue that respondent Steamship Company is liable to him for relief afforded by the common law as applied in the courts of California. Hence the judgment first above announced.

Curtis, J., Langdon, J., Shenk, J., Waste, C. J., Richards, J., and Seawell, J., concurred.

Rehearing denied.

All the Justices present concurred.